```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Ralph Holder

   v.                                           Civil No. 06-cv-221-JD
                                                 Opinion No. 2007 DNH 039

Laurie Axinn Gienapp

O R D E R

Undeterred by his lack of success in other suits he has filed arising out of his dissatisfaction with his divorce case and custody dispute, Ralph Holder, proceeding pro se, now brings suit against his former attorney, Laurie Axinn Gienapp. Holder alleges that Gienapp's representation of him violated various federal statutory and constitutional protections and generated state law claims of negligence, breach of contract, fraud, and the intentional infliction of emotional distress. Gienapp moves for summary judgment, and Holder opposes summary judgment.

Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.

56(c). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. See id. at 255.

## Discussion

Gienapp represented Holder during his divorce and custody proceedings in state court from March of 2002 until her motion to withdraw from representation was approved on July 10, 2003. Gienapp requested leave to withdraw after Holder demanded that Gienapp seek to have the guardian ad litem removed from the case, based on a telephone conversation between Gienapp and the guardian ad litem. When Gienapp refused to comply with Holder's demands, their disagreement led to a breakdown in the attorney-client relationship, which Gienapp believed required her to withdraw. Holder alleges federal and state law claims against Gienapp arising from her representation and their disagreement.

A.  Federal Claims

Holder alleges that Gienapp failed to protect his rights to equal protection and to rights under 20 U.S.C. § 6301, the No Child Left Behind Act.  He also alleges a violation of equal protection under 42 U.S.C. § 1981.  Holder alleges the same claims on behalf of his minor son, which he is not able to do as a pro se litigant who is not an attorney.  See Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982).

To the extent Holder intends to raise equal protection claims under the Fourteenth Amendment actionable pursuant to 42 U.S.C. § 1983, the facts do not support such a claim.  Section 1983 provides a cause of action only when persons acting pursuant to state law, that is state actors, deprive the plaintiff of rights provided by the Constitution or federal law.  Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4 (1st Cir. 2005).  "It is only in rare circumstances that private parties can be viewed as state actors."  Id.  Gienapp asserts that she is not a state actor, and Holder makes no effort to demonstrate or even allege that she should nevertheless be viewed as one.

Holder also alleges a claim under the No Child Left Behind Act.  Every court that has considered whether the Act provides a private cause of action has concluded that it does not.  Alliance for Children, Inc. v. City of Detroit Pub. Schs., --- F. Supp. 2d

---, 2007 WL 576047, at *3 (E.D. Mich. Feb. 15, 2007) (discussing and citing cases). Holder provides no basis for this court to take a different course in his case.

Holder also purports to allege a claim under 42 U.S.C. § 1981. Section 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 126 S. Ct. 1246, 1249 (2006) (quoting § 1981(a)). "Any claim brought under § 1981, therefore, must initially identify an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights." Id. As Gienapp points out, Holder does not allege or even suggest any contractual relationship in support of his § 1981 claim. Therefore that claim fails.

In sum, Holder has not demonstrated that any triable issue exists with respect to his federal claims. Therefore, Gienapp is entitled to summary judgment on all of Holder's federal claims.

B.  State Law Claims

Holder's state law claims include a variety of negligence claims, breach of contract claims, a fraud claim, and a claim for intentional infliction of emotional distress. Although Holder asserts legal malpractice under both negligence and breach of

4

contract theories, the claims are not conceptually distinct. Wong v. Ekberg, 148 N.H. 369, 376-77 (2002).

As Gienapp points out, under New Hampshire law, "absent exceptional circumstances, expert testimony is necessary to inform the jury regarding the skill and care ordinarily exercised by lawyers and to prove a breach thereof." Carbone v. Tierney, 151 N.H. 521, 528 (2004). Expert testimony is also necessary in most cases to prove causation in a legal malpractice case. Id. In addition, expert testimony is required to prove the elements of a malpractice claim whether it is styled as a tort, such as negligence, or a breach of contract. Wong, 148 N.H. at 376-77.

Holder does not have an expert witness to support his legal malpractice claims. Despite his assertion that legal malpractice in divorce cases is a matter of common knowledge due to the number of divorces in this country, that dubious presumption does not show that his case presents exceptional circumstances that do not require expert testimony. Because Holder cannot prove his malpractice claims without an expert witness, which he does not have, Gienapp is entitled to summary judgment on those claims.[1]

---

[1] The deadline for Holder to disclose his expert witnesses was November 15, 2006, which has passed without a motion for an extension of time. Holder indicated in answers to Gienapp's interrogatories that he did not intend to have expert witness testimony at trial.

In support of his fraud claim, Holder alleges that Gienapp "knowingly and willingly took payment and fees from the plaintiff under false pretense of providing him with competent, diligent and zealous legal representation of his divorce." Compl. ¶ 40. Gienapp moves for summary judgment or judgment on the pleadings on the alternative grounds that Holder failed to allege fraud with the requisite particularity and failed to state a claim of fraud. Holder does not address his fraud claim in his opposition to summary judgment.

The court need not decide whether or not the complaint taken as a whole would provide sufficient factual background to satisfy Federal Rule of Civil Procedure 9(b). Holder plainly has not stated a fraud claim and makes no effort to support his claim to show that a trialworthy issue exists that would preclude summary judgment.

To state a claim for fraud, the plaintiff must allege facts that show the defendant "intentionally made material false statements, which she knew to be false or which she had no knowledge or belief were true, for the purpose of causing, and which does cause, the [plaintiff] reasonably to rely to his detriment." Snow v. Am. Morgan Horse Ass'n, Inc., 141 N.H. 467, 468 (1996) (internal quotation marks omitted). As noted in the context of Holder's malpractice claim, he lacks an expert witness

who could provide evidence that Gienapp did not represent Holder as she allegedly promised and that deficient representation caused Holder harm.  Without an expert, Holder cannot prove the elements of his fraud claim, which in essence, restates his legal malpractice claims.

Holder alleges that Gienapp intentionally caused him emotional distress because her alleged negligence allowed implementation of the guardian ad litem's recommendation that his son go to a new school.  To state a claim for intentional infliction of emotional distress, a plaintiff must allege that the defendant intentionally caused emotional distress by acting in a way that was "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community.'"  Moss v. Camp Pemigewassett, Inc., 312 F.3d 503, 511 (1st Cir. 2002) (construing tort under New Hampshire law, quoting Restatement (Second) of Torts § 46, cmt. d (1977), and citing Konefal v. Hollis/Brookline Coop. Sch. Dist., 143 N.H. 256 (1998)).  Holder's allegations do not approximate what would be necessary for a claim of intentional infliction of emotional distress.

Because Holder does not have an expert witness to support his claims of legal malpractice, Gienapp is entitled to summary

7

judgment on those claims. To the extent he has stated claims under independent theories, which is questionable, he has failed to provide factual support or even to properly allege those claims. Therefore, Gienapp is entitled to summary judgment on all of Holder's state law claims.

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 16) is granted. The plaintiff's motion to extend time (document no. 17) is granted, and his opposition was considered in considering the defendant's motion for summary judgment.

The clerk of court shall enter summary judgment on all of the plaintiff's claims and close the case.

SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

March 28, 2007

cc:  Ralph Suozzo, Esquire
     Ralph Holder, pro se