UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Ralph Holder

     v.                                    Civil No. 06-cv-221-JD

Laurie Axinn Gienapp


O R D E R

Ralph Holder, proceeding pro se, moves for reconsideration of the summary judgment entered in favor of Laurie Axinn Gienapp on March 28, 2007.  He also moves for sanctions against Gienapp based on alleged misconduct during a deposition taken on March 27, 2007.  Gienapp opposes both motions and requests an award of expenses, including attorneys' fees, incurred in responding to the motion for sanctions.


I.  Motion for Reconsideration

Holder brought claims against Gienapp, his former counsel, alleging that her representation of him during his divorce proceeding and custody dispute violated federal and state law. The court granted Gienapp's motion for summary judgment on all claims because Holder failed to show that any triable issue existed to support his claims.

Holder's motion for reconsideration is far from clear but appears to challenge that part of the order that dismissed his

legal malpractice claim because he lacked an expert witness to support his claim.  The court is satisfied that summary judgment was properly entered and finds no grounds for reconsidering that result.


II.  <u>Motion for Sanctions</u>

Holder moves for sanctions against counsel who represented Gienapp in this case, Attorney Ralph Suozzo, alleging that Suozzo improperly instructed Gienapp not to answer questions during a deposition held on March 27, 2007.  Gienapp objects to the motion and provides a copy of the deposition transcript with a detailed analysis of the objections made during the depositions.[1]  Holder failed to cite any part of the deposition where Suozzo instructed Gienapp not to answer his question and failed to reply to Gienapp's objection, which details the objections that were made.

In her objection, Gienapp demonstrates that Suozzo did not instruct her not to answer Holder's questions.  Instead, Suozzo objected to the form of some of Holder's questions, and then

---

[1]Gienapp also argues that Holder's motion is untimely because the case is closed.  When appropriate, however, the district court has "jurisdiction to impose sanctions irrespective of the status of the underlying case because the imposition of sanctions is an issue collateral to and independent from the underlying case."  <u>Schlaifer Nance & Co., Inc. v. Estate of Warhol</u>, 194 F.3d 323, 333 (2d Cir. 1999).

Gienapp answered.  Lacking any guidance from Holder, Gienapp surmises that his motion is based on the exchange at the end of the deposition when Holder asked:  "Are you not in violation of professional rules of conduct regarding confidentiality between attorney client privilege?"  Suozzo objected without explanation or comment.  Holder responded, before Gienapp could answer his question, "This is over," and the deposition ended.

Holder has moved for sanctions without having complied with the requirements of the rules.  "A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling . . . discovery."  Fed. R. Civ. P. 37(a). "When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order."  Fed. R. Civ. P. 37(a)(2)(B).  If a deponent refuses to answer the question or questions "after being directed to do so by the court . . . , the failure may be considered a contempt of that court."  Fed. R. Civ. P. 37(b)(1). Rule 37(b)(2) provides appropriate sanctions.

Because Holder did not apply for an order to compel discovery, he cannot move for sanctions.  Even if his motion were deemed to seek an order to compel, Holder fails to show that Suozzo made any improper objections during the deposition.  Being a pro se litigant, he may have misunderstood the nature of

Suozzo's objections.  His questions demonstrate his lack of understanding of appropriate subject matter for a deposition in this case.  Holder's misunderstanding, of course, is not a basis for compelling additional discovery.

The motion is denied.


III.  Gienapp's Request for Expenses

Gienapp asks, pursuant to Federal Rule of Civil Procedure 37(a)(4)(B), that she be awarded her reasonable expenses incurred in responding to Holder's motion for sanctions.  She also asks that Holder be ordered not to file any motions seeking to compel further testimony.[2]  Holder failed to respond to Gienapp's requests.

Rule 37(a)(4)(B) provides:

> If the motion [to compel discovery] is denied, the court may enter any protective order authorized under Rule 26(c) and shall, after affording an opportunity to be heard, require the moving party . . . to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making

---

[2]Gienapp includes copies of two emails her counsel received from Holder on March 29, 2007, the day after summary judgment was entered against Holder to show that Holder's filings are not being made in good faith.  The first, with the subject "Redemption," states:  "Let your client know this is not over. I'll have my vindication."  The second, sent about a half hour later without a subject heading states:  "Have you ever heard of the phrase; "what I can't do by fair means, I'll do by foul.""

of the motion was substantially justified or that other
circumstances make an award of expenses unjust.

Holder's motion, albeit improperly seeking sanctions instead of
to compel discovery, is denied.  Therefore, Rule 37(a)(4)(B)
applies here, mandating an award of expenses unless the court
finds substantial justification for the motion or that such an
award would not be justified.  The burden is on Holder to
persuade the court not to award expenses under Rule 37(a)(4)(B).

As Holder's motion, even if deemed to be a motion to compel
further deposition discovery, is denied, he is thereby precluded
from moving again for the same relief.  The court will not
entertain any motion Holder files seeking to compel discovery
related to the March 27 deposition.  No further discovery of any
kind will be allowed in this closed case.

Conclusion

For the foregoing reasons, Holder's motions for reconsideration and for sanctions (document nos. 25 and 26) are denied.

Holder shall file a memorandum **on or before June 5, 2007,** to show cause why an award to Gienapp of her reasonable expenses, incurred in responding to his motion for sanctions, would not be appropriate, failing which the court will award Gienapp reasonable expenses.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

May 23, 2007

cc:  Robert J. Consavage, Esquire
     Ralph Suozzo, Esquire
     Ralph Holder, pro se

6