UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Ralph E. Holder

    v.                              Civil No. 06-cv-221-JD

Laurie Axinn Gienapp


O R D E R

     Laurie Axinn Gienapp asked for an award of attorneys' fees and costs that she incurred in responding to Ralph E. Holder's unsuccessful motion for sanctions against her.  The court directed Holder to show cause why fees and costs should not be assessed against him.  Holder has filed his response.

     Federal Rule of Civil Procedure 37(a)(4)(B) requires a party who unsuccessfully moves to compel discovery to pay the opposing party "the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust."  Substantially justified in this context means "only 'justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person.'"  Sheppard v. River Valley Fitness One, L.P., 428 F.3d 1, 12 (1st Cir. 2005) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).  Other circumstances that might avoid an assessment may include properly substantiated financial hardship.

See <u>Sheehy v. Wehlage</u>, 2007 WL 607093, at *7 (W.D.N.Y. Feb. 20, 2007); <u>Richner v. United States</u>, 1996 WL 63517, at *1 (D. Kan. Feb. 12, 1996).  Pro se status does not absolve a litigant from sanctions under Rule 37(a)(4).  <u>Dew v. 39th Street Realty</u>, 2001 WL 388053, at *3 (S.D.N.Y. Apr. 16, 2001).

    Holder's motion for sanctions against Gienapp was not substantially justified.  As is more fully explained in the court's order denying the motion, Holder failed to first move to compel discovery and failed to support his claim of improper actions during the disputed deposition with citations to the record.  In contrast, Gienapp established that her counsel did not act improperly during the deposition.  Holder's arguments that his allegations in the complaint were substantially justified miss the point.

    Holder also contends that an assessment of fees and costs against him would be a hardship because he is not financially able to pay.  Although Holder makes that statement in the context of an affidavit, in which he describes his responsibilities for his disabled daughter, his son, and his grandchild, he did not provide any evidence of his financial situation to support his general statements.  Further, his affidavit is signed based on his belief and knowledge, which, to the extent his statements are merely based on his belief, undermines its reliability.

In addition, Holder has had sufficient financial resources to pay the not insignificant filing fees for five cases in this court, along with other cases filed in state court.  Despite the consistent lack of success in his extensive litigation, all arising from his dissatisfaction with his divorce proceedings and custody dispute, Holder has continued to bring and pursue litigation against those who were involved in those proceedings. His motion for sanctions in this case was filed after the case was dismissed on summary judgment, and his emails to Gienapp's counsel, which are quoted in footnote 2 of the court's order denying his motion, demonstrate that Holder filed the motion to prolong his dispute with Gienapp without grounds for doing so. Therefore, an award of reasonable expenses incurred by Gienapp in opposing Holder's motion for sanctions is required under Rule 37(a)(4)(B).

<u>Conclusion</u>

Gienapp shall file, on or before **June 22, 2007**, a memorandum supported by appropriately detailed billing records for the reasonable expenses incurred.  Holder shall file his response within **10 days** after Gienapp's memorandum is filed.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

June 13, 2007

cc:  Robert J. Consavage, Esquire
     Ralph Suozzo, Esquire
     Ralph Holder, pro se