```
                  UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE
```

Ralph Holder

   v.                                                  Civil No. 06-cv-221-JD
                                                      Opinion No. 2007 DNH 089

Laurie Axinn Gienapp, Esq.


## O R D E R

Ralph Holder moved for sanctions against Laurie Axinn Gienapp, arguing that her attorney improperly instructed her not to answer questions during her deposition. The motion was denied because Holder had failed to move to compel before seeking sanctions and because Gienapp demonstrated that her attorney did not instruct her not to answer Holder's questions. Gienapp requested, pursuant to Federal Rule of Civil Procedure 37(a)(4)(B), an award of her reasonable expenses incurred in responding to Holder's motion for sanctions. Holder failed to respond to Gienapp's request for an award of her reasonable expenses.

The court previously held that Rule 37(a)(4)(B) mandated an award of expenses unless Holder could show substantial justification for filing his motion or could show that an award would not be justified. Holder was ordered to show cause why an award to Gienapp under Rule 37(a)(4)(B) should not be made. In

response, Holder argued that he was not able to pay an award but did not support his claim with evidence of his financial condition.  He did not make a showing that his motion was substantially justified or that the fees award to Gienapp would not be justified.

Gienapp has filed a memorandum with the billing records for expenses incurred in her response to Holder's motion for sanctions.  She seeks $2,054.50 in attorneys' fees.  In response to Gienapp's memorandum, Holder submitted an affidavit and copies of other documents to support his defense that he is unable to pay an award.  He does not contest the reasonableness of the fees Gienapp seeks.

An award of attorneys' fees is generally calculated under the lodestar method by multiplying the hours reasonably spent on the litigation by the hourly rate prevailing in the community. Bogan v. City of Boston, --- F.3d ---, 2007 WL 1675870 at *6 (1st Cir. June 12, 2007).  The party seeking fees bears the burden of showing that the amount requested is reasonable. Cerqueira v. Am. Airlines, Inc., 484 F. Supp. 2d 241, 250 (D. Mass. 2007). Gienapp claims a total of fourteen hours expended by her attorneys, Ralph Suozzo and Robert J. Consavage.  Suozzo's time is billed at an hourly rate of $180 and Consavage's time is billed at $145 per hour.

2

Although Gienapp failed to provide evidence to show that the hourly rates charged by her counsel were within the prevailing market rates in this community for similar work, the court is sufficiently familiar with fee awards here to rely on its own understanding that the rates claimed are within the range of hourly rates charged in this district.  See, e.g., Access Group, Inc. v. Daniel C. Federico, 06-cv-275-JD, 2006 DNH 131 (D.N.H. November 21, 2006); Hawkins v. Comm'r N.H. Dep't of Health & Human Serv., 99-cv-143-JD, 2005 DNH 085 (D.N.H. May 25, 2005); Mr. & Mrs. S. v. Timberlane Regional Sch. Dist., 03-cv-260-JD, 2004 DNH 046 (D.N.H. March 15, 2004).  The time used to respond to Holder's motion for sanctions, given the effort necessary to review the deposition transcript, does not appear to be excessive, redundant, or otherwise unnecessary.  See Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 299 (1st Cir. 2001).  Therefore, the fee award requested appears to be reasonable.

Holder, however, asserts that he is financially unable to pay the requested award and has filed two affidavits in support of that position.  Generally, a court takes the sanctioned party's financial condition into consideration in making a fee award.  See, e.g., Sweetland v. Bank of Am. Corp., 2007 WL 1482018, at *6 (4th Cir. May 22, 2007); Whallon v. Lynn, 356 F.3d 138, 140 (1st Cir. 2004); Martin v. Automobili Lamborghini

3

Exclusive, Inc., 307 F.3d 1332, 1337 (11th Cir. 2002).  The inability to pay an otherwise appropriate sanction is an affirmative defense, putting the burden on the sanctioned party to prove his financial status.  Silva v. Witschen, 19 F.3d 725, 733 n.15 (1st Cir. 1994).

In his financial affidavit, Holder represents that his gross monthly income is $5,430 and that his total monthly expenses are $5,687.30.  He also represents that his total assets are valued at $54,936.91 while his current debt is $203,814.12.  He states in his affidavit that he is responsible for caring for his ten-year-old son and that he will be assuming, in the future, the responsibility for his disabled adult daughter's child.  He further states that he cannot access the $46,000 in his Thrift Saving Plan because he has a loan of $3,522.66 from the Plan.

Holder has filed five cases in this court and two appeals and did not move to proceed in forma pauperis in those cases. Instead, he paid the filing fee in each case, totaling $2460. Although Holder states that he pays $1003.81 each month on his mortgage and pays $445.31 for property taxes, he failed to include the value of the mortgaged property in his list of assets.  Given the difference between the amount in his Thrift Saving's Plan and the amount of his loan, Holder has not demonstrated that the Plan is inaccessible to him, as he claims.

Although Holder provided some documentation about his own medical condition and that of his daughter and a statement from "Service Experts" showing a balance due of $8,805, he has not otherwise provided documentary support for his financial status.

Despite the omissions in Holder's proof, it appears that his financial situation is strained. The court, therefore, reduces the amount of the award of fees by fifty percent to $1,027.25.

## Conclusion

For the foregoing reasons and pursuant to Rule 37(a)(4)(B), the plaintiff shall pay the defendant $1,027.25 for her attorneys' fees incurred in responding to the plaintiff's unjustified motion for sanctions against the defendant.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

July 24, 2007

cc: Robert J. Consavage, Esquire
    Ralph Suozzo, Esquire
    Ralph Holder, pro se